MoKiNNEY, J.,
delivered the opinion of the Court.
On the trial the record of- the prosecution on which the defendant’s plea of justification is founded, was offered in support of said plea and rejected, on the ground of variance between the record and the description thereof in the plea. And in his charge to the Jury, the Court stated that, “The evidence given under a defective plea of justification cannot be looked to by *34 tbe Jury for any purpose, not even to mitigate the dinages.”
We think the record was properly rejected, for the reason assumed; but the proposition asserted by his honor, the Circuit Judge, in the foregoing extract from his charge, was calculated to mislead the Jury.
Hie general issue was pleaded by the defendant, and issue taken thereon; and although evidence going to establish the truth of the slanderous words charged was inadmissible under that issue, either in bar of the action or in mitigation of the damages, yet it is to be borne in mind that the tendency of recent decisions is to give a much wider latitude in the introduction of evidence vn mitigation of damages under the general issue, than formerly. Accordingly it -was ruled by this Court, in a recent case at Jackson, that upon the question of damages the defendant might show, under the general issue, that previous to the tmne of speaking the words charged in the declaration, it was generally reported and believed that the words were tiue. So it has been held that, for the same purpose, it is competent to the defendant, under the general issue, to show that the charge was occasioned by the misconduct of the plaintiff, either in attempting to commit the crime or in leading the defendant to believe him guilty thereof. 2 Greenleaf’s Ev., 424, 275.
It matters not, then, that such evidmee may have been given under a plea of justification which failed to be supported by the record. Ifj in fact, it were offered and received, though not available under the plea of justification, it should have been referred to the appropriate issue, and the defendant have been allowed whatever benefit he may have been entitled to from it. We *35 do not assume that any sucb evidence, in fact, was of was not given in tbe present case; that is a matter in reference to which it is not necessary, perhaps not proper, that we should intimate an opinion.
We place our decision solely upon the ground that the phraseology of the charge was calculated, though in all probability not so intended by his honor, to lead the Jury to the erroneous conclusion that although evidence in mitigation might, in fact, have been received under the plea of justification, yet that plea failing of proper support, such evidence could not be made available for the defendant in any aspect of the pleadings; a conclusion which we think erroneous.
Judgment reversed.